IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. MOSLEY, SR., # B-50254, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-775-MJR |
| | ) |
| RANDY DAVIS, | ) |
| BETH CAMPBELL, | ) |
| and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 8, 2014, Plaintiff James C. Mosley, Sr., filed suit under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights.[1]  Specifically, he states that his rights to due process and equal protection under the law were violated when Defendants refused to give him credit against his prison sentence for time he had served in pre-trial detention, as specified in his negotiated guilty plea and the order of the sentencing court.  Further, he suffered injuries from an attack on him while he was confined at Vienna Correctional Center ("Vienna").

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepaying the filing fee (Doc. 2).  At the time of filing the complaint, Plaintiff had been released from Illinois Department of Corrections custody, and was housed in a personal residence (*see* Doc. 2).  As such, Plaintiff does not meet the statutory definition of prisoner[2] for

---

[1] Plaintiff initially filed suit in the Central District of Illinois, Case No. 14-cv-02163.  The case was transferred to this District Court on July 9, 2014, after it was determined that the events giving rise to the claims occurred at Vienna Correctional Center, which is located in the Southern District (d/e of 7/9/14).

[2] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought.  *Kerr v.*

purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

---

*Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Although Plaintiff has been released, his prisoner identification number is included for reference, for the convenience of the Court and Defendants.

**The Complaint**

Plaintiff alleges that on December 30, 2010, he entered into a negotiated guilty plea to one count of unlawful possession of a controlled substance, and one count of unlawful delivery of a controlled substance (Doc. 1, p. 5). Plaintiff claims he was sentenced to four years on the possession charge and six years on the delivery count, with the terms to be served consecutively. The judge ordered that Plaintiff would receive 306 days of credit for pre-trial detention against the 4-year possession charge, and another 1,179 days of credit for time served against the 6-year delivery count. The crux of Plaintiff's claim is that he was never given the 306-day credit, and was instead required to serve that time before his eventual release.[3]

In March 2012, Plaintiff filed a post-conviction petition seeking to have the 306 days applied to his sentence. His appeal of the circuit court's denial of relief was ultimately dismissed as moot after Plaintiff was released.[4]

Plaintiff also explained to the Records Office at Vienna Correctional Center (where Defendant Campbell is the records supervisor and Defendant Davis is the Warden) that prison officials were not properly applying the Illinois statute governing consecutive sentences and the application of sentence credit (Doc. 1, pp. 6-7). However, they would not give him credit for the 306 days.

Finally, Plaintiff complains that while he was improperly held beyond what should have been his release date, he was attacked (presumably by a fellow inmate). He suffered a broken ankle that required emergency surgery and the placement of rods and screws in his leg (Doc. 1, p. 7). He claims this would never have happened if he had been given credit for the 306

---

[3] According to the website of the Illinois Department of Corrections, Plaintiff was paroled on September 21, 2012. Http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited July 28, 2014).

[4] *People v. Mosley*, No. 4-12-0545, 2013 WL 5827645 (Ill. App. Oct. 28, 2013).

days of pre-trial detention and released at the correct time in accordance with the court's judgment and commitment order.

Plaintiff seeks compensation both for the excessive incarceration and for the personal injuries he suffered as a result of the attack (Doc. 1, p. 8).

**Discussion**

For the convenience of the Court, Plaintiff's claims shall be designated as follows:

> **Count 1:** Due process claim against Defendants Davis, Campbell, and Godinez for keeping him in prison for 306 days longer than he should have been required to serve, in violation of his plea agreement and the order of the sentencing court;
>
> **Count 2:** Personal injury/negligence claim against Defendants for the injuries he suffered in an attack on him in Vienna Correctional Center, at a time when Plaintiff should not have been incarcerated had he been given proper sentence credit.

**Count 1** above survives review under § 1915(e)(2), and shall proceed for further consideration. A wrongfully lengthened sentence does implicate a liberty interest. Plaintiff's claim is not a challenge to his state court conviction, and thus does not run afoul of *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Instead, his claim is "an argument that the prison system failed to implement the state courts' decisions and thus defendants have deprived him of liberty without due process of law." *Bey v. Schwartz*, No. 12-1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-cv-951-GPM (Doc. 29-1). Plaintiff's due process claim shall therefore proceed. However, his equal protection claim, which is based on the same factual allegations, is redundant to the due process claim and need not be considered further. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*,

150 F. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims).

**Count 2** of the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a constitutional claim upon which relief may be granted. Nothing in the complaint remotely suggests that any of the Defendants failed to protect Plaintiff from a known risk to his safety. To be liable under § 1983 for an Eighth Amendment violation, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)). Thus, Plaintiff fails to state a claim against Defendants for subjecting him to physical harm in violation of his civil rights.

Instead, he apparently seeks to hold Defendants liable for the injuries he suffered based on negligence or some other theory sounding in tort. Negligence will never amount to a civil rights violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Moreover, the Illinois Court of Claims has exclusive jurisdiction over claims against the state (or an agency administrator such as Defendant Godinez in his official capacity) sounding in tort. 705 ILL. COMP. STAT. 505/8(d). Accordingly, Count 2 shall be dismissed without prejudice to Plaintiff bringing his claim in the proper forum, should he wish to do so.

**Pending Motions**

Plaintiff's sworn IFP motion establishes that he is indigent for purposes of IFP review. Count 1 states a cognizable constitutional claim. The named Defendants are not immune from relief. Accordingly, Plaintiff's motion (Doc. 4) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 2** of the action is **DISMISSED** without prejudice for failure to state a constitutional claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **DAVIS**, **CAMPBELL**, and **GODINEZ** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 29, 2014**

                                          s/ MICHAEL J. REAGAN
                                          United States District Judge